UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RECEIVABLES EXCHANGE, LLC                         CIVIL ACTION

VERSUS                                             NO. 10-4152

SUNCOAST TECHNOLOGY, INC., ET AL.                 SECTION "L" (5)

ORDER AND REASONS

Currently pending before the Court is Defendant Joseph Gordon's Motion to Dismiss or for Transfer of Venue (Rec. Doc. 15). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

I.   BACKGROUND

This case arises out of the sale of receivables over an electronic exchange. Plaintiff The Receivables Exchange, LLC ("TRE") operates an electronic marketplace which matches buyers and sellers of receivables, or rights to be paid a sum of money by a third party. A seller that is owed a sum of money by a third party can auction that right to be paid through the exchange to a buyer. The seller receives an immediate payment, and the buyer obtains the right to be paid the debt at a discount to the face value. Participants in TRE's exchange sign a Master Program Agreement, and sellers also sign a Seller Agreement and a Seller Security Agreement. Pursuant to these agreements, sellers are required to certify that the receivables they offer for sale are "qualifying receivables," which includes the certification that the receivables are not subject to dispute in any fashion. Additionally, sellers are prohibited after sale from directing the third party to pay the owed sums to the seller, rather than to TRE.

Defendant Suncoast Technology, Inc. is a former seller on TRE's exchange. Defendant Joseph Gordon is the president of Suncoast. In 2010, Suncoast allegedly sold approximately

$1.7 million of receivables owed to it by Millenium Tele Card, Inc., (the "Millenium receivables") on TRE's exchange.[1]  TRE alleges that Suncoast sold the Millenium receivables on the exchange despite knowing that Millenium Tele Card claimed an offset to those receivables of approximately $1.2 million.  TRE also alleges that Gordon, in his capacity as President and in his individual capacity, certified that Suncoast was in compliance with the terms of its agreement with TRE.

TRE filed suit against Suncoast for breach of contract, conversion, and fraud in Civil District Court for the Parish of Orleans, pursuant to a forum selection clause in the Master Program Agreement between TRE and Suncoast.  TRE brings suit in its own capacity, and on behalf of the buyers of the Millenium receivables.  TRE alleges that Suncoast has refused to refund the amount Millenium Tele Card claims as an offset, has refused to repurchase the Millenium receivables, and misrepresented the status of the Millenium receivables, all in violation of the various contracts between it and TRE.  TRE also asserts a claim for conversion and breach of contract because after the sales, Suncoast allegedly instructed Millenium to pay amounts owed on the Millenium receivables to Suncoast, when those sums should have been deposited by Millenium into a TRE account.  Finally, TRE also named Gordon as a defendant in his individual capacity, alleging that both he and Suncoast committed fraud by deliberately misrepresenting the status of the Millenium receivables.  Defendants timely removed to this Court.

## II.    PRESENT MOTION

Defendant Joseph Gordon now moves to dismiss the fraud claim against him, or

---

[1] Neither Millenium Tele Card nor the buyers of the Millenium receivables are parties to this action.

alternatively to transfer the case to the United States District Court for the Southern District of Florida.  He argues that TRE has not stated a claim against him for fraud with sufficient particularity and that the claim against him must be dismissed.  Gordon also argues that if the claim against him is not dismissed, the case should be transferred to the Southern District of Florida for convenience and in the interest of justice.  In response, TRE argues that it has sufficiently pled fraud against Gordon in his individual capacity and that the Southern District of Florida is not a clearly more convenient forum than the Eastern District of Louisiana.

### III.  LAW AND ANALYSIS

#### A.  Motion to Dismiss

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and rarely granted."  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009).  Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

*Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, allegations of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003) (quotation omitted).

Gordon argues that the petition does not allege fraud against him with sufficient specificity. He contends that there is no allegation that he personally advised Millenium not to make payments directly to Suncoast, or any allegation specifying how signing the certificate in his individual capacity affected the auction of the Millenium receivables.[2]

In its petition, the Plaintiff alleges that Gordon signed a specific document in his individual and corporate capacity certifying that Suncoast was in compliance with its agreement with TRE and that Suncoast's representations and warranties pursuant to the agreement remained true and correct. TRE attached a copy of that certification to the petition, and thus Gordon is adequately on notice of the who, what, when, and where of the alleged misrepresentation. TRE also alleges that Gordon signed the certification with the intent to deceive TRE. Further, TRE alleges that it relied on Gordon's signature in his personal and corporate capacity and that the misrepresentations were material, because otherwise TRE would not have permitted the Millenium receivables to have been sold on its exchange. These factual allegations adequately address the "why" of the claim for fraud. Thus, TRE has sufficiently pled fraud as required by

---

[2] Gordon also contends that because he has been sued only for fraud and not for breach of any contract with TRE, the forum selection clause is not binding against him. To the extent that Gordon implies that the Court lacks personal jurisdiction over him, he has not adequately raised the issue and the Court will not address it.

Rule 9(b).

Additionally, TRE's allegations, taken as true, state a claim for relief against Gordon that is plausible on its face and complies with the specificity requirements of the Federal Rules. TRE has identified a specific statement made by Gordon in his capacity as an individual (as well as a corporate representative of Suncoast). TRE has explained how that statement was allegedly misleading. TRE has alleged how the statement was made with the intent to complete a sale of the Millenium receivables for more than they were worth, how TRE relied on that misrepresentation, and how it was injured by that reliance. The claim is plausible on its face and survives Gordon's motion to dismiss.

**B.      Motion to Transfer**

As a fallback position, Gordon moves to dismiss or transfer the case to the United States District Court for the Southern District of Florida. Gordon requests *forum non conveniens* dismissal, arguing that the Southern District of Florida is a more convenient forum. "[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994).

In the alternative, Gordon correctly identifies 28 U.S.C. § 1404 as the proper procedural mechanism for relocating this suit to the Southern District of Florida. The transfer statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] Accordingly, the issue is whether the entire lawsuit, against both Suncoast

---

[3]The statute authorizes transfer of an entire civil action, not merely a single defendant. To transfer Gordon but not Suncoast to the Southern District of Florida, the Court would first have to sever TRE's claims against Gordon and Suncoast and then transfer only one of those civil actions. *See* Fed. R. Civ. P. 21. Neither party has expressly raised severance, and the Court will not *sua sponte* sever these closely related claims. Transfer under § 1404(a) would not create

5

and Gordon, should be maintained in this Court or transferred. Neither party disputes that venue would be appropriate in Florida in light of the Defendants' Florida citizenship. Thus, the Court must examine whether transfer would be appropriate "for the convenience of parties and witnesses, in the interest of justice."

The party requesting a transfer must show good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 314. In determining convenience, the Court must consider both private and public interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* at 315 (quotation and alteration omitted). Additionally, a forum selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The Southern District of Florida is not a clearly more convenient venue for this lawsuit than the Eastern District of Louisiana. According to the petition, Plaintiff TRE is a Louisiana entity and runs its receivables exchange in the state of Louisiana. In any suit between diverse parties, evidence will necessarily be located in more than one district; Gordon has not established that the evidence and witnesses in this case are so strongly weighted towards Florida rather than Louisiana as to override TRE's choice of venue. Moreover, Defendant Suncoast

---

duplicative parallel cases, as TRE contends.

6

evidently agreed to a forum selection clause favoring Civil District Court for the Parish of Orleans; as between federal courts in Louisiana and Florida, this factor weighs in favor of a Louisiana hearing a case brought against Suncoast.  The Master Program Agreement between TRE and Suncoast also dictates that Louisiana law applies to claims arising under the contract, which weighs in favor of maintaining the action in this Court.  Although Gordon was not personally a party to those agreements, Suncoast was, and Suncoast is a co-Defendant.  While litigating in the Eastern District of Louisiana may pose some inconvenience to Gordon personally, he is the President of Suncoast and would have some involvement in the litigation against his company in this district even if he were not a named defendant.  In sum, Gordon has not met his burden to show good cause why the entire case should be transferred.

### IV.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Gordon's Motion is DENIED.

New Orleans, Louisiana, this  4th  day of  February , 2011.

_____
UNITED STATES DISTRICT JUDGE